

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0012-19

### THE STATE OF TEXAS

**v.**

### DWAYNE ROBERT HEATH, Appellee

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW FROM THE TENTH COURT OF APPEALS McLENNAN COUNTY

**WALKER, J., delivered the opinion for a unanimous Court.**

## O P I N I O N

In this case, we decide that the court of appeals erred by reversing the trial court's exclusion

of evidence under a theory that the State did not raise at trial or on appeal.

A month after Appellee, Dwayne Robert Heath, was charged by indictment with injury to a

child, trial counsel e-mailed a request to the State, which said in its entirety, "Can I get discovery on

this client? Cause # 2017-241-C2." Fourteen months later, the prosecutor for the State learned about

the existence of a 9-1-1 call made on the day of the alleged offense. The prosecutor requested a copy

of the 9-1-1 call, and, after receiving it, the prosecutor provided a copy of the call to Appellee's trial

counsel.

Appellee filed a pre-trial application for writ of habeas corpus and a motion to exclude evidence. The motion sought to exclude the recorded 9-1-1 call on the basis that the prosecution failed to turn over the recording "as soon as practicable" as required under article 39.14(a) of the Code of Criminal Procedure.[1] *See generally* TEX. CODE CRIM. PROC. Ann. art. 39.14(a). The trial court held a hearing in which the State made arguments against the exclusion of the 9-1-1 call. The State argued that the evidence should not be excluded because the State did not withhold the 9-1-1 call in bad faith. The State also argued that "as soon as practicable" should be measured from the date that the prosecution learned about the 9-1-1 call and not from the date that the 9-1-1 call was recorded by law enforcement. Finally, the State argued that the proper remedy would be to grant a continuance instead of excluding the 9-1-1 call. The trial court granted Appellee's motion and excluded the 9-1-1 call evidence. The trial court found that, upon receiving Appellee's discovery request, the prosecution had a specific duty to ascertain what discoverable evidence was held by the sheriff's office and disclose it as soon as practicable. The trial court found the State's failure to disclose the 9-1-1 recording until the week before trial, which was more than eighteen months after the 9-1-1 call was recorded and more than fourteen months after the e-mailed discovery request, violated the plain language of article 39.14.

### I — Court of Appeals

The State filed an interlocutory appeal under article 44.01(a)(5) and, in its appeal, made the same arguments that it made to the trial court: that the recording should not have been excluded

---

[1] All references to "articles" in this opinion will refer to articles of the Code of Criminal Procedure.

because the State did not withhold the recorded 9-1-1 call willfully or in bad faith; that "as soon as practicable," under article 39.14(a), should be viewed from the point at which the prosecution becomes aware of the evidence sought; and that the appropriate remedy would have been the granting of a continuance instead of exclusion of the evidence.

The court of appeals determined that, in order to trigger the requirements of article 39.14(a) in the first instance, a defendant must timely request discovery and the request must specify which items are being requested before the State would be required to produce them. *State v. Heath*, 582 S.W.3d 495, 497 (Tex. App.—Waco 2018). The court of appeals found that trial counsel's e-mail message did not meet the standard because that request did not refer to article 39.14 and did not designate any items sought to be produced. *Id.* As a result, the court of appeals found that the e-mail from Appellee's trial counsel was not sufficient to give the State notice of what was being requested, the State was not under a duty pursuant to article 39.14 to produce the 9-1-1 call, and the trial court therefore abused its discretion in granting Appellee's motion to exclude the evidence. *Id.*

## II — Issues Granted

Appellee filed a petition for discretionary review, raising three grounds. First, Appellee argues that the court of appeals erred in finding the trial court abused its discretion because the court of appeals reversed under a theory not raised by the State. Second, Appellee suggests we review whether the discovery request was sufficient under article 39.14. Third, Appellee asks us to determine whether the State is estopped from challenging the sufficiency of the discovery request because it produced discovery in response to the request. We granted review on all three grounds. Upon consideration of Appellee's first ground, which we find dispositive, we hold that the court of appeals erred when it addressed an issue not presented to the trial court or raised by the parties on

appeal.

### III — Analysis

Generally, "appellate courts are free to review 'unassigned error'—a claim that was preserved in the trial court below but was not raised on appeal." *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006) (quoting *Pena v. State*, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006)). However, errors that are subject to procedural default may not be remedied by the appellate court as unassigned error unless the error was in fact preserved in the trial court. *Id.*

In this case, the issue reached and decided by the court of appeals was the adequacy of Appellee's discovery request, and the court of appeals addressed only this issue and reversed on that basis alone. This issue was not raised by the State in its appeal. Thus, to be reviewable as unassigned error, the next question is whether this issue is subject to procedural default, and, if so, was it also preserved. We find the matter was not preserved in this case. In *Clark v. State*, we reiterated that:

> While no "hyper-technical or formalistic use of words or phrases" is required in order for an objection to preserve an error, the objecting party must still "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it."

*Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (quoting *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009)). From the record, the State's reasons for "why" the 9-1-1 call should not be excluded did not include an argument that Appellee's discovery request was inadequate. Furthermore, the State's objections made it clear to the trial court that the State wanted the trial court to either excuse the late disclosure of the 9-1-1 call or to grant a continuance. The State's objections did not tell the trial court that the State wanted the trial court to conclude that the State's discovery obligations were not triggered at all.

Because the State did not raise before the trial court an argument that the discovery request was inadequate under article 39.14, any complaint that the trial court erred in excluding the 9-1-1 call on that particular basis was not preserved. Accordingly, the court of appeals improperly reached out and remedied, as unassigned error, an error that was subject to procedural default and was, in fact, not preserved.

### IV — Conclusion

The court of appeals reversed this case on an issue that was neither ruled upon by the trial court nor raised on appeal. The court of appeals's discretion does not extend so far. In the instant case, the court of appeals should have answered the questions posed by the State on appeal. We sustain Appellee's first ground for review, making it unnecessary to address his other grounds for review, which we dismiss. The judgment of the court of appeals is reversed, and the case is remanded for resolution of the issues raised by the State.

Delivered: December 18, 2019
Do Not Publish